

FILED
JUL 21 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

James Ray Tolan, )
)
    Petitioner, )
) Case: 1:15-cv-01161
v. ) Assigned To : Unassigned
) Assign. Date : 7/21/2015
United States of America, ) Description: Habeas Corpus/2255
)
    Respondent. )

## MEMORANDUM OPINION

Petitioner is a prisoner incarcerated at the United States Penitentiary in White Deer, Pennsylvania. He has submitted a "Petition for Issuance of Writ, Pursuant to D.C. Code Rule 16-1901," in which he challenges a conviction entered by the Superior Court of the District of Columbia. *See generally* Pet. For the following reasons, the Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Unlike prisoners convicted in state courts or in a United States district court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not ."). Petitioner's recourse lies in the Superior Court via proceedings under D.C. Code § 23-110.[1]

---

[1] Section 16-1901 of the D.C. Code "does not bar the federal courts from entertaining habeas corpus petitions filed by D.C. prisoners under 28 U.S.C. § 2241," *Blair-Bey v. Quick*, 151 F.3d 1036, 1043 (D.C. Cir. 1998), but its reach extends only to post-judgment claims that cannot be

*See Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998) (describing § 23-110 as "a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence"); *Byrd*, 119 F.3d at 36-37 ("Since passage of the Court Reform Act [in 1970], . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court - the Superior Court - pursuant to D.C. Code § 23-110."). Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). This local statute "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). The fact that petitioner has had no success in the local courts, *see* Pet. ¶ 2, does not render his remedy inadequate or ineffective. *See Wright v. Stansberry*, 677 F. Supp. 2d 286, 289 (D.D.C. 2010) (citing cases). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: July 15, 2015

/s/ Rosemary M. Collyer
United States District Judge

---

brought under D.C. Code § 23-110, *id.*, *quoting Alston v. United States*, 590 A.2d 511, 514 (D.C. 1991) ("Whatever their legal merit, these contentions, like claims by other prisoners challenging the computation of a sentence, may not be raised under § 23-110. Because such contentions concern the executive department's execution of sentence, not the trial court's imposition of sentence, they must be raised in a habeas corpus petition."). *Cf. with Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The [habeas] remedy afforded under [28 U.S.C.] § 2255 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.") (citations omitted).